## CIRCUIT COURT OF THE CITY OF NORFOLK

Wanda Brown Elliott

v.

Shore Stop, Inc.,
Ray Kishlar,
John Meyers,
Franklin Security Systems, Inc.,
and Don Pope

July 10, 1987

Case No. (Law) L-86-2537

By JUDGE THOMAS R. McNAMARA

Plaintiff's motion for judgment asserts that "there existed a valid contractual employment agreement. . . which constituted an express and/or implied-in-fact agreement on the part of the Defendant not to terminate Plaintiff so long as her job performance was satisfactory. . ."

It then alleges that plaintiff, having been required by her employer to take a polygraph test as a condition of continued employment, a requirement she does not challenge, came to suspect her supervisor's motives and decided to deceive him and the defendant, her employer. She therefore arranged to have a friend "go in and take the polygraph examination in Plaintiff's place." (Par. 17 Motion for Judgment). This was done. The friend, at plaintiff's instance, took the test and "signed and dated [the same] as 'Wanda Brown'." (Plaintiff) (Par. 20 Motion for Judgment). She admits she "had Ms. Cagle take the polygraph examination in her stead." (Par. 30 Motion for Judgment).

Plaintiff was then discharged according to her allegations on the stated grounds that "she had 'failed the polygraph'."

148

In this action upon the foregoing allegations, she seeks recovery of money damages from her corporate employer and her supervisors, as well as the agency which administered the polygraph and its employee. These defendants have demurred to every count in the motion for judgment.

The demurrers of Defendants Shore Stop, Inc., and Ray Kishlar will be sustained. As to Count I (Breach of Contract), the plaintiff has admitted that she failed to take a legitimately required polygraph test and attempted to deceive her employer by having the test taken by an impersonator. Whether or not her contract was terminable at will, her admissions of the above conduct establish non-compliance, dishonesty, and deceit which is unsatisfactory job performance, and therefore sufficient grounds for termination under the contract she alleges as a matter of law.

As to Count II (Wrongful Discharge), the foregoing also applies in that her allegations disclose on their face that her termination violated no public policy.

As to Counts III, IV, V, VI and VIII, it is sufficient to say that by her admitted deceit, plaintiff has forfeited any standing to complain of the manner in which the polygraph test was administered or evaluated, and furthermore does not allege any misrepresentation of existing fact, but a mere promise for the future. Similarly, she has admitted that her discharge did not result from any negligence, intentional infliction of emotional distress or tortious interference, but as a result of a faked polygraph test which she did not take as required while conspiring with others to deceive the company in this respect.

As to Count VII, argument was deferred.

The demurrers of Defendants Franklin Security Systems, Inc., and Don Pope as to all counts except V and VI were disposed of by order dismissing those counts against these defendants by agreement on April 14, 1987.

As to Counts V and VI, the demurrers are sustained for the reasons set forth above.

This action will in any event continue pending disposition of Count VII, but leave to amend the counts above disposed of is not granted at this time. If such leave is desired, an appropriate motion should be filed along with any proposed amended pleading.